UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS-STEWART,

    Plaintiff,

v.

ERIN LYSTAD, ROBERT WEBBER, STEVEN HAMMOND, SARA SMITH, JOHN DOE 1-2,

    Defendant.

CASE NO. 3:16-CV-05747-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: September 30, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. The Court concludes Plaintiff Hillary Walls-Stewart has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show she is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") be denied and Plaintiff be directed to pay the $400.00 filing fee in order to proceed with this action.

# BACKGROUND

Plaintiff Hillary Walls-Stewart, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), filed a Motion to Proceed IFP in this civil rights action on August 30, 2016. Dkt. 1. Plaintiff alleges Defendants are failing to provide Plaintiff with the necessary care for pain caused by a fractured screw in her foot in violation of her Eighth Amendment rights. Dkt. 1-2.

# DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

**I.      Strikes Under 28 U.S.C. 1915(g)**

A review of court records from this District shows at least three of the cases Plaintiff filed while incarcerated were dismissed for failure to state a claim.[1]

Plaintiff filed *Walls v. Pierce County Jail*, (Case No. 3:03-CV-5470-RJB W.D. Wash., Dec. 4, 2003) while incarcerated in the Pierce County Jail. During the screening process, this case was dismissed without prejudice for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *Walls v. Pierce County Jail* is Plaintiff's first strike.

During her incarceration at the Washington Corrections Center, Plaintiff filed *Walls v. Pastor, et al.*, (Case No. 3:12-CV-5183-RBL, W.D. Wash., Nov. 5, 2012). The case was dismissed with prejudice for failure to state a claim. The dismissal in *Walls v. Pastor, et al.* constitutes Plaintiff's second strike.

Plaintiff filed *Walls-Stewart v. Tacoma General Hospital*, (Case No. 3:12-CV-5468-BHS, W.D. Wash., June 28, 2012) when she was incarcerated at the Washington State Penitentiary. This case was dismissed without prejudice during the screening process for Plaintiff's failure to state a claim upon which relief could be granted. Plaintiff received her third strike when *Walls-Stewart v. Tacoma General Hospital* was dismissed.

---

[1] After reviewing court records, including comparing prisoner identification numbers, the Court concludes Plaintiff has filed lawsuits under the names Hillary Walls, Hillary Lee Walls, and Hillary Walls-Stewart.

1    While incarcerated Plaintiff brought at least three actions which were frivolous,
2 malicious, or failed to state a claim; therefore, she is barred from proceeding IFP in this action
3 unless she can show she is exempt from the three-strikes rule because she is under imminent
4 danger.

5  **II.    Imminent Danger Exception**

6    The three-strikes rule does not apply if "the prisoner is under imminent danger of serious
7 physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based
8 on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The
9 imminent danger exception requires a prisoner allege a danger which is "ready to take place" or
10 "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth
11 Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to
12 interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th
13 Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the
14 threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279
15 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

16    Plaintiff alleges her constitutional rights are being violated because she is being denied
17 adequate medical treatment. Dkt. 1-2. Specifically, Plaintiff states she has a fractured screw in
18 her foot which is causing intractable pain. *Id.* at pp. 4-5. She alleges she is unable to work out
19 and cannot fall asleep, work, stand for long periods, or walk long distances because of the pain.
20 *Id.* at pp. 4, 7. For the pain, Plaintiff states she has been given ice packs and over-the-counter
21 pain medication. *Id.* at p. 6. Plaintiff maintains a doctor recommended surgery and Plaintiff
22 requested surgery or other treatment options, but Defendant Erin Lystad, a physician's assistant,
23
24

has refused because Plaintiff will not be incarcerated long enough of the Department of Corrections to pay for the hardware removal surgery. *Id*.

Plaintiff has not sufficiently alleged she faces a danger which is "ready to take place" or "hanging threateningly over [her] head." *Cervantes*, 493 F.3d at 1056. She alleges only that she is in pain; she does not maintain the pain is causing her imminent physical injury. Further, she alleges she is receiving treatment, she just does not believe the treatment is sufficient. Therefore, the Court finds the imminent danger exception does not apply in this case, and Plaintiff is subject to the three strikes rule. *See Balzarini v. Lewis*, 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding the plaintiff's disagreement with prison medical personnel about the course or adequacy of any treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, 2015 WL 859071, *3 (N.D. Cal. Feb. 26, 2015) (finding allegations showing the plaintiff was receiving medical treatment for his chronic pain, but that he disagreed with the type of medication the medical staff was prescribing for him was insufficient to show an imminent danger of serious physical injury); *Jackson v. Jin*, 2014 WL 1323211 (W.D.N.Y. March 31, 2014) (denying imminent danger claim where plaintiff alleged he was being treated with pain medications, but not to his satisfaction); *Stephens v. Castro,* 2006 WL 1530265, *1 (E.D.Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)).

## CONCLUSION

The Court recommends Plaintiff's Motion to Proceed IFP be denied as Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. The Court further recommends Plaintiff be ordered to by the $400.00 filing fee to proceed with this action.

1        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

2 Procedure, the parties shall have fourteen (14) days from service of this Report to file written

3 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

4 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

5 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

6 September 30, 2016, as noted in the caption.

7        Dated this 9th day of September, 2016.

                                                /s/ David W. Christel
                                                David W. Christel
                                                United States Magistrate Judge